EZRA PUTNAM *vs.* SAMUEL M. DIKE.

The statute of limitations is no bar to an action on a debt contracted forty years ago in another state, without proof that the defendant has ever been in this commonwealth.

SHAW, C. J.    This is certainly an extraordinary case.    A small debt, contracted in Vermont in 1815, has increased by simple interest to three times the original amount, by lapse of time, being a period of over forty years.

The only defence relied on is, that it is barred by the statute of limitations.    This, of course, must mean the statute of limitations of Massachusetts.    The statute of limitations affects the remedy only, and is therefore local in its operation; neither the statute of limitations of Vermont, where the contract was made, nor that of any other state or county, has any efficacy in Massachusetts.    See *Bulger* v. *Roche*, 11 Pick. 36, corrected and explained by a note to *Brigham* v. *Bigelow*, 12 Met. 270.

The parties both lived in Vermont, where the cause of action accrued; and there is no evidence to show that the defendant ever came within the limits of this state.    If the defendant never came into Massachusetts after the cause of action accrued, the statute never began to run, and no length of time could make

that statute a bar to an action which the plaintiff might bring
in this state.    The direction of the judge therefore was right.

If indeed the defendant had never been an inhabitant of this
state, and there was no effectual attachment of the defendant's
property in this suit, and the defendant had appeared specially,
and pleaded in abatement to the jurisdiction of the court, we
do not perceive why it would not have been a good defence to
this suit.    But no such course was taken, and perhaps the facts
would not warrant it.                        *Exceptions overruled.*

*H. Chapin,* for the defendant.

*P. C. Bacon & P. E. Aldrich,* for the plaintiff.

